IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TERRANCE LYNN EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | No. 16-2785-JDT-cgc |
| ) | |
| BILL ODOM, ET AL., ) | |
| ) | |
| Defendants. ) | |

SECOND ORDER DIRECTING PLAINTIFF TO FILE A NON-PRISONER
*IN FORMA PAUPERIS* AFFIDAVIT OR PAY THE $400 CIVIL FILING FEE

Plaintiff Terrance Lynn Evans, who was, at the time, incarcerated at the Shelby County Correctional Center in Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion seeking leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court issued an order on October 24, 2016, granting leave to proceed *in forma pauperis* and assessing the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)-(b). (ECF No. 6.) On December 1, 2016, the Clerk received a notice from Plaintiff stating that he was being released on November 25, 2016. (ECF No. 7.) Accordingly, the Court ordered Plaintiff to submit either a non-prisoner *in forma pauperis* affidavit or the entire $400 civil filing fee within thirty days. (ECF No. 8.)

On December 5, 2016, the Clerk received a notice indicating that Plaintiff was still incarcerated and would not be released until December 25, 2016. (ECF No. 9.) Plaintiff then confirmed his release and his new address on January 9, 2017. (ECF No. 10.) However, he has not complied with the order to either submit a non-prisoner affidavit or pay the filing fee.

As Plaintiff was not released when he originally expected, the Court will give him another opportunity to comply with the prior order. Because the filing fee was not paid pursuant to the PLRA's installment procedures prior to Plaintiff's release, "the obligation to pay the remainder of the fees is to be determined solely on the question of whether [he] qualifies for pauper status." *McGore v. Wrigglesworth*, 114 F.3d 601, 613 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

Therefore, Plaintiff is again ORDERED to submit, within thirty (30) days after the date of this order, either a non-prisoner *in forma pauperis* affidavit or the entire $400 civil filing fee.[1] The Clerk shall mail Plaintiff another copy of the non-prisoner *in forma pauperis* affidavit form along with this order.

Failure to comply with this order in a timely manner will result in the dismissal of this action without further notice, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.
IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases seeking habeas corpus and cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Because Plaintiff initially was granted leave to proceed *in forma pauperis* in accordance with the PLRA, the Court did not assess the additional $50 fee. However, if Plaintiff now chooses to pay the entire filing fee instead of seeking pauper status, he must also pay the $50 administrative fee.