**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TERRANCE LYNN EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:16-cv-2785-STA-egb |
| | ) | |
| BILL OLDHAM, et.al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DIRECTING ENTRY OF JUDGMENT,**
**CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH**
**AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE**

On September 30, 2016, Plaintiff Terrance Lynn Evans, who at the time of filing was incarcerated at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed *pro se* a Complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. The Court granted Evans leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b). On December 1, 2016, Evans notified the Court that he was no longer incarcerated at the jail. The same day, the Court ordered Evans to file a non-prisoner *in forma pauperis* affidavit. On January 9, 2017, Evans informed the Court of his new mailing address, and the Court entered a second order directing Evans to file a non-prisoner *in forma pauperis* affidavit. On February 9, 2017, Evans filed a motion for leave to proceed *in forma pauperis* as a non-prisoner.

In an order entered October 6, 2017, the Court granted Evans's motion for leave to proceed *in forma pauperis* as a non-prisoner. In the same order, the Court concluded that Evans had failed to state a claim for relief under 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

However, the Court found good cause to allow Evans to file an amended complaint and cure the defects the Court had found in the initial Complaint. The Court gave Evans thirty (30) days in which to file his amended complaint and cautioned Evans that if he failed to file an amended complaint within the time specified, the Court would assess a strike pursuant to 28 U.S.C. § 1915(g) and enter judgment. Evans has not filed an amended complaint within the time allowed and has not requested an extension of time in which to do so. Therefore, judgment will be entered in accordance with the October 6, 2017, order dismissing the Complaint for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 28 U.S.C. § 1915(a)(3), the Court must also consider whether an appeal by Evans case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal in forma pauperis. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that led the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is **CERTIFIED**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Evans would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Evans nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013).

*McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated in forma pauperis affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Evans, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: November 16, 2017